UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY McCLOUD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3287** |
| **PUBLIC DEFENDER DAVID CRAIG, JR., ET AL.** | **SECTION "A" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ricky McCloud, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against David Craig, Jr., Assistant District Attorney Joey Oubre, Judge Martin Coady, Sheriff Jack Strain, Jr., and St. Tammany Parish. In this lawsuit, plaintiff alleges that his rights were violated during his state criminal proceedings. As relief, he seeks $4,000,000.00 in damages and asks that the defendants be investigated and prosecuted.[1]

A Spears hearing was held in this matter on July 16, 2009.[2] Based on the complaint and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

---

[1] Out of an abundance of caution, the Court notes that plaintiff does *not* seek release from incarceration or the overturning of his conviction. Indeed, those forms of relief may not be sought in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Because petitioner's conviction is still being reviewed in the state courts, he is not yet entitled to seek federal *habeas corpus* relief. See 28 U.S.C. § 2254(b)(1)(A).

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff was arrested and charged with theft of property valued at $500 or more. When the matter came on for trial in state court before Judge Martin Coady in December of 2008, plaintiff refused to participate, claiming that his rights were being violated. The trial was then held without plaintiff being present, although he was represented at trial by a public defender, David Craig, Jr. Plaintiff was ultimately convicted of theft of property valued at $300 or more but less than $500. That conviction is currently on direct appeal.

<u>Standards of Review</u>

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous, for failing to state a claim on which

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

## Investigation and Prosecution

As a preliminary matter, the Court notes that plaintiff's request that the defendants be investigated and prosecuted is improper. Those forms of relief are simply unavailable in a § 1983 action. Federal courts are not investigative or prosecutorial agencies.[4] Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts. See Hymel v. Champagne, Civ. Action No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); May v. Kennard Independent School District, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996).

## Heck

The Court next notes that, even if plaintiff's claims for monetary damages were otherwise actionable, they would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

---

[4] The commencement of federal prosecutions is a matter of discretion left to the executive branch of government. As the United States Fifth Circuit Court of Appeals has noted,

> Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys for the United States in their control over criminal prosecutions.

United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Because plaintiff's conviction remains outstanding, and because a finding by this Court that plaintiff's constitutional rights were violated in the state criminal proceedings leading to his conviction would necessarily imply the invalidity that conviction, Heck currently bars his claims for monetary damages in this federal civil rights action.

However, before applying Heck, which results in only a *conditional* bar that allows refiling of the lawsuit in the event that the conviction is subsequently invalidated, it is appropriate for a court, in the interest of judicial economy, to determine whether alternative bases for dismissal exist which would result in an *absolute* bar to such refiling. If such alternative bases exist, the claims should instead be dismissed with prejudice on those grounds in order to prevent the subsequent filing of clearly meritless lawsuits. See, e.g., Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (even if Heck is applicable, it is appropriate for district courts to consider the defendant's immunity as a threshold matter). Such alternative grounds for dismissal do in fact exist with respect to plaintiff's claims in this lawsuit. Accordingly, for the following reasons, the undersigned recommends that plaintiff's claims be dismissed with prejudice on those grounds.[5]

---

[5] If, however, the District Judge were to reject the proposed findings regarding the alternative grounds, plaintiff's claims would still be subject to dismissal under Heck.

### Public Defender David Craig, Jr.

Plaintiff has sued David Craig, Jr., the public defender in the state criminal proceedings. For plaintiff's claim against Craig to be cognizable pursuant to 42 U.S.C. § 1983, Craig must have acted under color of state law. See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) ("To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.") (quotation marks omitted). However, an indigent defender clearly is not acting under color of state law when serving as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, plaintiff has failed to state a cognizable § 1983 claim against Craig.

### Judge Martin Coady

Judge Martin Coady is the state district judge who presided over plaintiff's criminal trial. Regardless of whether plaintiff is suing Judge Coady in his individual capacity, his official capacity, or both, the claim against Judge Coady must be dismissed.

To the extent that plaintiff is suing Judge Coady in his individual capacity, that claim is barred by his absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave

procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. The act at issue here, presiding over plaintiff's state criminal trial, obviously involved a function normally performed by a judge. Further, plaintiff was clearly dealing with the Judge Coady in his judicial capacity.

7

Regarding the second exception, there is no question that Judge Coady had jurisdiction over plaintiff's criminal proceeding in the Louisiana Twenty-Second Judicial District Court.

Accordingly, for the foregoing reasons, any claim against Judge Coady in his individual capacity for monetary damages is barred by his absolute judicial immunity.

To the extent that plaintiff is suing Judge Coady in his official capacity for monetary damages, that claim is likewise barred for two reasons.

First, a state official in his official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).

Second, a judgment against Judge Coady in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Because an official-capacity claim against Judge Coady is therefore in reality a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[6]

---

[6] The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment

## Assistant District Attorney Joey Oubre

Joey Oubre is the assistant district attorney who represented the state in plaintiff's criminal proceedings. Regardless of whether plaintiff is suing Oubre in his individual capacity, his official capacity, or both, the claim against him is likewise subject to dismissal.

As to any claim against Oubre in his individual capacity, that claim is barred by his absolute prosecutorial immunity. Prosecutorial immunity protects Oubre against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Oubre in his individual capacity relate to his actions taken in prosecuting the criminal charges, he is protected by absolute immunity.

To the extent that plaintiff may have intended to name Oubre in his official capacity, that claim likewise fails. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality

---

> immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

9

or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom.

### Sheriff Jack Strain, Jr.

Plaintiff also named Sheriff Jack Strain, Jr., as a defendant. Plaintiff clearly has not stated an individual-capacity claim against Strain. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of

10

action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes *no allegations whatsoever* against Strain or any involvement by him in the events on which plaintiff's claims are based. Further, it is clear that Strain played no direct role in plaintiff's prosecution, in that he obviously has no authority over the trial judge, the assistant district attorney, or the public defender. Moreover, when plaintiff was asked at the Spears hearing why he had named Strain as a defendant, plaintiff indicated that Strain was named solely because he was a parish official. That fact alone is clearly insufficient to hold him liable in his official capacity.

Further, there is likewise no basis for holding Strain liable in his official capacity. As noted previously, there is no basis for official-capacity liability unless it is alleged that the purported violations stemmed from an official policy or custom. Again, plaintiff makes no such allegation in this case.

## St. Tammany Parish

Plaintiff has also named St. Tammany Parish as a defendant. However, as previously noted, a local governmental body cannot be held accountable unless its employee in fact violated plaintiff's clearly established constitutional rights with subjective deliberate indifference and that violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. Here, neither of those requirements are met. First, the persons who allegedly violated plaintiff's rights in the instant case are not employees of the local governmental body. Second, plaintiff does not allege that the purported violations here stemmed from an official policy or custom.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of July, 2009.

---
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**